# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARRYL MERRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV00162 ERW |
| | ) | |
| PAULA PHILLIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Darryl Merrit (registration no. 156657), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.16. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $55.79, and an average monthly balance of $5.64. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.16, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Paula Phillips (Acting Associate Superintendent, SECC), Randy Rite (Unit Manager, SECC), Cristal Steward (Caseworker, SECC), Jennifer Brown (Mail Room Supervisor, SECC), and Sarah Terhue (Correctional Officer, SECC). The complaint seeks monetary and injunctive relief.

Plaintiff's complaint arises from his attempt to solicit female pen pals through the commercial website FriendsBeyondTheWall.com (the "website"). Plaintiff alleges that he sought and received approval to subscribe to the website from CCA L. Butler. When plaintiff attempted to mail an application and payment to Friends Beyond The

Wall, Inc., however, these materials were returned to plaintiff by the Business Manager with notification that prison policy prohibited prisoners from subscribing to pen pal solicitation websites. Specifically, Department of Corrections "IS Policy 13-1.1, Offender Mail" states, "An offender shall not enter into credit agreements or any activity for which she/he would receive monies, installment purchase arrangements, contracts, form a corporation, perform any corporate work, represent any business firms or conduct any type of business operations by mail." According to the Missouri Department of Corrections, pen pal solicitation websites fall under IS Policy 13-1.1.

Plaintiff claims that he subsequently attempted to mail the check and website application to his sister and stepmother with a note stating, "we could not subscribe to pen pal websites anymore because of [IS Policy 13-1.1]. So hold this information until the outcome of my grievance procedure."

Defendants intercepted the letter along with the website application and issued plaintiff a conduct violation for disobeying an order. Defendant Steward found that "Merritt attempted to send out letters with filled out pen pal applications to Greta Hamilton and Shirley Merritt to purchase for him a website, thus circumventing the rules concerning pen pal websites." Plaintiff says that he wanted to call his stepmother as a witness but that defendants denied his request. Plaintiff alleges that he was forced to spend ten days in disciplinary segregation as a result of the violation.

Plaintiff argues that his First Amendment right to free speech was violated when defendants prohibited him from soliciting pen pals through the website. Plaintiff further argues that his due process rights were violated with regard to the disciplinary proceedings because he was not allowed to call witnesses or introduce evidence and because the punishment was too harsh.

**Discussion**

For the Due Process Clause to be implicated in prison disciplinary proceedings, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. Id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Freitas v. Ault, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996)

(same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention). As a result, plaintiff's due process claim fails.

"Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). Plaintiff does not have a clearly established constitutional right to solicit pen pals through a commercial website. See Adamson v McDonough, 2006 WL 839170 *4 (N.D. Fla. 2006) (prisoner does not have constitutional right to solicit pen pals through commercial service); Rodriguez v. Ames, 224 F. Supp. 2d 555, 565 (W.D.N.Y. 2002) (same). As a result, defendants are entitled to qualified immunity, and this case shall be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.16 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 6th Day of December, 2007.

*[signature]*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE